UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80218-Middlebrooks/Matthewman

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

STEPHEN NEARY,

    Defendant.
_____/

FILED BY SP D.C.

DEC 14 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    Mercedes-Benz USA, LLC was the distributor for Mercedes-Benz vehicles in the United States.

2.    A Manufacturer's Certificate of Origin ("MCO") was the original ownership document for a vehicle, bearing identifying information such as the vehicle's make, model, and unique vehicle identification number ("VIN"). The MCO further certified the vehicle's transfer to a particular distributor, dealer, retailer, or customer. MCOs contained various security features for their authentication. Upon the retail sale of a vehicle, the MCO would be surrendered for the issuance of a title document.

3.    Mercedes-Benz USA, LLC issued MCOs for the various vehicles it produced, including Sprinter vans, a van that could be used to transport cargo.

4.    Since in or around 2018, Amazon.com, Inc. ("Amazon") used Mercedes-Benz Sprinter vans in its delivery system.

### The Defendant and Related Entities

5. Oneiro Holdings Inc., d/b/a Palm Beach Auto Group, was a Florida limited liability company with its listed principal address located in Palm Beach County, Florida.

6. **STEPHEN NEARY** was the President and Registered Agent of Oneiro Holdings Inc.

### Financial Institutions

7. Wells Fargo Bank, N.A. ("Wells Fargo") was a federally insured financial institution based in South Dakota.

8. Oneiro Holdings Inc., d/b/a Palm Beach Auto Group, held a Wells Fargo Business Choice Checking account ending in 3662.

9. Bank of America, N.A. ("Bank of America") was a federally insured financial institution based in North Carolina.

10. Truist Bank, N.A. ("Truist") was a federally insured financial institution based in North Carolina.

### COUNTS 1-7
### Wire Fraud
### (18 U.S.C. § 1343)

1. Paragraphs 1-10 of the General Allegations section of this Indictment are realleged and incorporated fully herein by reference.

2. From in or around June 2020, and continuing through in or around March 2021, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, the defendant,

**STEPHEN NEARY,**

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

representations, and promises, knowing that they were false and fraudulent when made, and transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice.

### Purpose of the Scheme and Artifice

3.     It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself and others by soliciting investor money through materially false and fraudulent misrepresentations and promises concerning, among other things: (1) the true nature of the investment and (2) the use of investment funds for his own personal benefit and to make payments to existing investors.

### The Scheme and Artifice

4.     **STEPHEN NEARY** recruited investors to finance the purchase of Mercedes-Benz Sprinter vans that **STEPHEN NEARY** falsely represented he would refurbish and sell to Amazon at a profit margin between 7% and 10% on each van.

5.     **STEPHEN NEARY** falsely represented to the investors that this profit would be returned to the investors within thirty days.

6.     **STEPHEN NEARY** furthered lured investors by falsely claiming to have a direct contact at Amazon.

7.     **STEPHEN NEARY** purportedly secured the investment on each van with that particular van's keys and MCO. In truth and in fact, the Sprinter vans did not exist. To deceive the investors into providing funds, in certain instances, **STEPHEN NEARY** provided fraudulent MCOs to investors. In other instances, **STEPHEN NEARY** emailed a list of VINs for each deal to the investor, many of which had been falsified.

8. Based on these false and fraudulent representations, **STEPHEN NEARY** received and collected investor funds through checks and bank wire transfers, including interstate wire communications, into various accounts that **STEPHEN NEARY** controlled, including the Wells Fargo Business Choice Checking account ending in 3662.

9. Contrary to **STEPHEN NEARY's** false and fraudulent representations to investors, **NEARY** did not use investor money to refurbish Sprinter vans to resell at a profit. In truth and in fact, **STEPHEN NEARY** did not purchase Sprinter vans with the investor funds. Instead, **STEPHEN NEARY** misappropriated investor funds for his own personal use and benefit, without any notice to, or authorization from, his investors.

10. Contrary to **STEPHEN NEARY's** false and fraudulent representations to investors that he would return a profit from the sale of Sprinter vans to Amazon, **STEPHEN NEARY** falsely and fraudulently paid prior investors with portions of their own and other investors' funds as they were received.

### Use of the Wires

11. On or about the dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, the defendant,

**STEPHEN NEARY,**

did knowingly transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more particularly described in each count below:

| COUNT | APPROX. DATE | USE OF WIRES |
|---|---|---|
| 1 | December 2, 2020 | Wire transfer in the approximate amount of $2,000,000 from Investor 1's Truist account to Wells Fargo account ending in 3662 |
| 2 | December 2, 2020 | Wire transfer in the approximate amount of $535,820 from Wells Fargo account ending in 3662 to Investor 2's Bank of America account |
| 3 | December 3, 2020 | Wire transfer in the approximate amount of $697,520 from Wells Fargo account ending in 3662 to Investor 2's Bank of America account |
| 4 | December 4, 2020 | Wire transfer in the approximate amount of $1,425,000 from Investor 1's Truist account to Wells Fargo account ending in 3662 |
| 5 | December 7, 2020 | Wire transfer in the approximate amount of $300,000 from Investor 2's Bank of America account to Wells Fargo account ending in 3662 |
| 6 | December 7, 2020 | Wire transfer in the approximate amount of $1,499,618 from Wells Fargo account ending in 3662 to Investor 1's Truist account |
| 7 | December 8, 2020 | Wire transfer in the approximate amount of $1,440,000 from Investor 1's Truist account to Wells Fargo account ending in 3662 |

In violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATIONS

1.   The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **STEPHEN NEARY,** has an interest.

2.   Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title

18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

ALEXANDRA CHASE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 23-cr-80218-Middlebrooks/Matthewman

v.

STEPHEN NEARY,
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)            (Check only one)
   I   ☒ 0 to 5 days            ☐ Petty
   II  ☐ 6 to 10 days           ☐ Minor
   III ☐ 11 to 20 days          ☐ Misdemeanor
   IV  ☐ 21 to 60 days          ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
ALEXANDRA CHASE
Assistant United States Attorney
Court ID No.   A5501746

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: STEPHEN NEARY

**Case No**: 23-cr-80218-Middlebrooks/Matthewman

Count #: 1-7

Wire fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000 or twice the gross gain or loss, whichever greater

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.